■ PRUDENTIAL SECURITIES CREDIT CORP., LLC, Respondent, v TEEVEE TOONS, INC., et al., Appellants. [772 NYS2d 821]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered September 24, 2003, which, in an action to enforce a security agreement, inter alia, granted plaintiff's motion for summary judgment and directed that certain collateral held by defendants be turned over to plaintiff, unanimously affirmed, with costs.

The motion court correctly held that no issues of fact exist as to whether plaintiff waived its right to foreclose on the security after defendants defaulted or agreed to a restructuring of the loan. There are no writings evidencing the alleged oral waiver to forbear and few specific details are provided as to exactly when and how it was communicated (*compare Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 180-181, 186

[1982] [distinguishing waiver from modification and citing *Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 (1977)]). At best, negotiations continued after defendant borrower defaulted, which, apparently, caused defendants "to hope that plaintiff, out of self-interest if not magnanimity, would understand the mutual advantages to be gained by an extension" (*National Westminster Bank USA v Vannier Group*, 160 AD2d 348, 350 [1990]). That hope, and the original agreement's requirement that defendant borrower maintain a certain asset to debt service ratio, are possible explanations, other than the alleged oral assurances, for defendant parent corporation's infusion of fresh money into defendant borrower (*see id.* at 349-350, citing *Rose*, 42 NY2d at 344; *Massachusetts Mut. Life Ins. Co. v Gramercy Twins Assoc.*, 199 AD2d 214, 217-218 [1993]). The instances of bad faith alleged by defendants, to the extent they are more than conclusory, show nothing more than commercially reasonable conduct on the part of a lender seeking to recover as much of its loan as possible.

We have considered defendants' other claims and find them unavailing. Concur—Andrias, J.P., Williams, Lerner and Friedman, JJ.